UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHARON WILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-cv-02966-TWP-MJD |
| | ) |
| HOOK-SUPERX, LLC, | ) |
| d/b/a CVS PHARMACY, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter is before the Court on Defendant Hook-SuperX, LLC's Notice of Removal. In the Court's Entry on Jurisdiction, the Court directed Defendant to supplement its jurisdictional allegations to establish the Court's jurisdiction over the case. Defendant filed its Supplemental Jurisdictional Statement ([Filing No. 7](#)), wherein it stated, "at the current time, Defendant Hook SuperX, LLC d/b/a CVS Pharmacy ("Defendant") is not able to set forth the citizenship of Plaintiff, Sharon Wiley ("Plaintiff"), upon personal knowledge. Therefore, Defendant respectfully requests that this matter be remanded to the Monroe Circuit Court 6 for further discovery."

Federal courts are courts of limited jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999).

Based on Defendant's Supplemental Jurisdictional Statement and request for remand, the Court **REMANDS** this case to the state court of origin. The Clerk is **DIRECTED** to the remand

this action to Monroe County Circuit Court, Indiana, cause no. 53C06-1610-CT-2036. This action is hereby **CLOSED**.

    **SO ORDERED.**

Date: 12/5/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Nathan D. Foushee
KEN NUNN LAW OFFICE
nathanf@kennunn.com

Peter H. Pogue
SCHULTZ & POGUE LLP
ppogue@schultzpoguelaw.com